IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WCW HOUSTON PROPERTIES, LLC<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 4:18-cv-02124 |
| TEXAS REIT, LLC and<br>DALIO HOLDINGS I, LLC;<br>    Defendants. | §<br>§<br>§<br>§ | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

WCW Houston Properties, LLC files this First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

### Parties

1.  WCW Houston Properties, LLC ("WCW") is a Texas limited liability company doing business in Harris County, Texas. Plaintiff may be served with any pleading or paper through the undersigned counsel.

2.  Texas REIT, LLC is a ("TRL") Texas limited liability company doing business in Harris County, Texas. TRL has made an appearance in this lawsuit, and it may be served with any pleading or paper through its counsel: Paul Simon, 1001 West Loop South, Suite 700, Houston, Texas 77027.

3.  Dalio Holdings I, LLC ("Dalio") is a Delaware limited liability company doing business in Harris County, Texas. Dalio has removed this case from state court, and thus made an appearance in this case. Dalio may be served with any pleading or paper through its attorney of record: Kevin R. Pennell, Pennell Law Firm, PLLC, 19 Briar Hollow Lane, Houston, TX 77027.

## Jurisdiction and Venue

4. Dalio has removed this matter to federal court pursuant to 28 U.S.C. § 1332(a), alleging that Texas REIT, LLC was fraudulently joined to this matter and that there is thus diversity of citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as all Defendants are residents of Texas and one or more of the Defendants resides in the District.

## Background Facts

6. WCW is the current holder of a promissory note executed by TRL on or about May 2, 2008 (the "**Note**"). The Note was originally made payable to Architectural Services, International, Inc. ("**ASI**") in the original amount of $1,500,000.00 (the "**Note**"). *See copy of Note attached hereto as* **Exhibit "1"**. WCW took the Note and related documents described below via that certain Transfer of Note and Lien dated May 5, 2018 (the "**Note Transfer**") and filed in the Real Property Records of Harris County, Texas under Clerk's File Number RP-2018-205267. *A true and correct copy of the Note Transfer attached hereto as* **Exhibit "2"**. Additionally, ASI assigned to WCW all rights it had under this lawsuit.

7. The Note is secured by a Deed of Trust in favor of WCW recorded in the Real Property Records of Harris County, Texas under Clerk's File Number 20080287817 (the "**Deed of Trust**"). *See copy of the Deed of Trust attached hereto as* **Exhibit "3"**. The Deed of Trust functioned as a lien against the real property owned by TRL generally described as 8050-8098 Westheimer, Houston, Harris County, Texas 77063 (the "**Property**").

8. On or about July 11, 2011, TRL executed a Modification Agreement ("**Modification**")[1] for the payment of principle of $1,500,000.00 and interest at eight percent (8%). *See a certified copy of the Modification attached hereto as* **Exhibit "4"**. According to the

---

[1] The Note, the Deed of Trust, and the Modification are referred to collectively as the "Loan Documents".

terms of the Modification, TRL was required to make monthly accrued interest payments through May of 2013 with the entire balance due and payable on May 28, 2013.  TRL failed to pay the balance of the Note when it came due.  Accordingly, since the date of maturity, the Note under its own terms, has been accruing default interest at 18% per annum.

9. Beginning on July 25, 2013 through December 1, 2016, TRL paid ASI twenty-one (21) interest-only payments of $18,000 at unequal intervals.  *See a copy of such payment history attached hereto and made a part hereof as* **Exhibit "5"**.  Taking into account all offsets and credits due to TRL, TRL still owes WCW under the Note the principle of $1,500,000 and interest of $2,155,070.37, as of the date of filing of this pleading.

10. As of the date of the Note Transfer (the "**Note Transfer Date**"), the Property was encumbered by an additional debt.  International Bank of Commerce ("**IBC**") held a promissory note (the "**IBC Note**") secured against the Property by a first-priority deed of trust (the "**IBC Deed of Trust**").  *True and correct copies of the IBC Note and IBC Deed of Trust are attached hereto as* **Exhibits "6" and "7"**.  As of the Note Transfer Date, the IBC Note was in default, and IBC had noticed a foreclosure sale of the Property scheduled for June 3, 2018.  However, on May 31, 2018, the IBC Note was reinstated, and all events of default were waived by IBC pursuant to a forbearance agreement executed between IBC and TRL on or about April 11, 2018 (the "**Forbearance Agreement**").  *A true and correct copy of the Forbearance Agreement is attached hereto as* **Exhibit "8".**  Among other things, the Forbearance Agreement: 1) instituted a period of forbearance in which IBC would make no effort to enforce its rights based upon TRL's previous defaults; 2) provided that TRL would pay to IBC $642,154.07 on or before May 31, 2018 (the "**Forbearance Payment**"); 3) provided that the IBC Note would be reinstated and that no events of default would exist provided that TRL timely made the Forbearance Payment; and

4) provided that IBC would not foreclose on the Property on June 5, 2018 if the Forbearance Payment was timely made.

11. TRL timely made the Forbearance Payment on or about May 25, 2018. *See Proof of Payment attached hereto as* **Exhibit "9"**. Accordingly, as of that date the IBC Note was not in default and IBC had waived its right to foreclose on June 5, 2018.

12. On or about May 25, 2018, Dalio acquired the IBC Note and IBC Deed of Trust. Dalio has declared an alleged default under the IBC Note. On June 12, 2018, Dalio noticed a foreclosure sale of the Property to occur on July 3, 2018.

13. Dalio's intended foreclosure of the Property implicates a dispute between WCW, TRL, and Dalio regarding the proceeds of such a sale. First, TRL disputes the amount of WCW's claims under the Loan Documents. Indeed, TRL sued WCW in state court and obtained a temporary restraining order based upon WCW's alleged improper calculation of its claim. On information and belief, Dalio claims a default under the IBC Note that is far in excess of what is actually owed to it by TRL. WCW has specifically requested that Dalio liquidate its claim so that all parties could participate in an orderly foreclosure. Dalio has refused to provide this information. Accordingly, all parties currently dispute the proper division of the proceeds of Dalio's proposed foreclosure of the Property.

## Causes of Action

### Cause of Action 1—Breach of Contract Against TRL

14. WCW incorporates the allegations of paragraphs 1-13 as if fully set forth herein.

15. The Loan Documents function as a contract by and between TRL and ASI.

16. By that certain Note Transfer instrument, ASI assigned to WCW all rights under the Loan Documents, so WCW is a proper party to sue TRL for a breach of contract.

17. WCW has performed, or was excused from performing, its contractual obligations.

18. TRL has failed, and continues to fail, to pay the outstanding amounts owed to WCW under the Loan Documents, which has caused WCW substantial injuries in the principle amount of $1,500,000 and interest of $2,155,070.37, as of the date of filing of this amended petition, with interest continuing to accrue as the Note and Modification has matured.

19. WCW further seeks an award of attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.*

### Cause of Action 2—Request for an Order of Foreclosure Against TRL

20. WCW incorporates the allegations of paragraphs 1-13 as if fully set forth herein.

21. To the extent Dalio's foreclosure does not occur on July 3, 2018, WCW seeks an order of foreclosure from this Court to allow for the Property to be judicially foreclosed upon.

### Cause of Action 3—Declaratory Relief—FED. R. CIV. P. 57

22. WCW incorporates the allegations of paragraphs 1-13 as if fully set forth herein.

23. WCW requests a judicial declaration regarding the extent, validity, and amounts of WCW and Dalio's respective claims against TRL and the Property, including the amounts owed by TRL under the Loan Documents and the IBC Note.

### Conditions Precedent

24. All conditions precedent to WCW's recovery of the relief requested herein have occurred, been performed, or are waived.

## **Prayer**

25. Based on the foregoing, WCW Houston Properties, LLC respectfully requests that upon trial of this matter that the court enter 1) awarding WCW the damages it requested herein; 2) issuing a declaration regarding the extent, validity, and amounts of the parties' respective claims; and 3) granting WCW all further request to which it is justly entitled.

          Respectfully submitted,

By: */s/ M. Kevin Powers*
     M. Kevin Powers--*Attorney in Charge*
     State Bar No. 24041715
     Brad E. Porter
     State Bar No. 24048741
     1776 Yorktown, Suite 300
     Houston, TX 77056
     (713) 621-0700 (tel)
     (713) 621-0709 (fax)
     kevin@porterpowers.com

**ATTORNEYS FOR WCW HOUSTON PROPERTIES, LLC**

**OF COUNSEL:**

**PORTER & POWERS, PLLC**
1776 Yorktown, Suite 300
Houston, TX 77056
(713) 621-0700 (tel)
(713) 621-0709 (fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on the party either through the court's ECF system or through United States First Class Mail, postage prepaid, on June 26, 2018.

Kevin Pennell
Pennell Law Firm, PLLC
19 Briar Hollow Lane, Suite 110
Houston, TX 77027

Paul Simon
1001 West Loop South, Suite 700
Houston, TX 77027

                                                                                 */s/ M. Kevin Powers*
                                                                                 M. Kevin Powers