# PROMISSORY NOTE

$1,500,000.00                           Houston, Texas                              May 2nd, 2008

   FOR VALUE RECEIVED, after date, without grace, in the manner, on the dates, and in the amounts so herein stipulated, the undersigned, TEXAS REIT LLC, a Texas limited liability company ("Maker"), promises to pay to the order of ARCHITECTURAL SERVICES INTERNATIONAL, INC., a Texas corporation ("Payee"), at 226 Gessner Road, Houston, Texas 77024, the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($1,500,000.00) in lawful money of the United States of America, which shall be legal tender, in payment of all debts and dues, public and private, at the time of payment and to pay interest thereon from date until maturity at a rate of eight percent (8.0%) per annum, payable as stipulated herein.

  This note is payable as follows, to-wit:

  Accrued interest shall be due and payable semi-annually, on the last day of October and the last day of April of each and every calendar year during the term hereof, commencing October 31, 2008 and continuing regularly and semi-annually thereafter until the expiration of three (3) years from the date hereof, when the entire balance of this note, principal together with unpaid accrued interest, shall be due and payable in full.

   Maker may prepay this note in whole or in part, provided (i) Maker gives Payee not less than thirty (30) days prior written notice specifying the amount of such prepayment and the date on which the prepayment is to be made (the "Early Prepayment Date") and (ii) upon payment of (A) all accrued interest to and including the Early Prepayment Date, (B) the Yield Maintenance (as hereinafter defined) and (C) all other sums then due and payable under this note. The term "Yield Maintenance" means an amount equal to eight percent (8%) per annum of the amount of this note prepaid from the Early Prepayment Date through and including three (3) years from the date of this note. Additionally, Maker may, in lieu of prepaying this note in whole upon refinancing the International Bank of Commerce ("IBC") $8,640,000 loan ("IBC Loan"), deliver substitute collateral to the Payee in the form acceptable to Payee in Payee's sole discretion. Alternatively, if requested by Payee and acceptable to the permanent lender, Payee agrees to subordinate the liens securing this note to the liens securing the permanent loan refinancing the IBC Loan in accordance with the terms of a subordination agreement acceptable to Payee in the exercise of reasonable judgment.

   Interest shall be computed on the basis of the actual number of days elapsed in a year composed of 360 days.

   Whenever any payment to be made under this note shall be stated to be due on a Saturday, Sunday or legal holiday for commercial banks under the laws of the State of Texas, then such payment shall be made on the next succeeding business day.

   In addition to all principal and accrued interest on this note, Maker agrees to pay (a) all reasonable costs and expenses incurred by all owners and holders of this note in collecting this note through probate, reorganization, bankruptcy or any other proceeding, (b) reasonable attorneys' fees when and if this note is placed in the hands of an attorney for collection after default, and (c) the reasonable attorneys' fees, costs and expenses incurred by Payee in connection with the preparation and filing of the agreements and documents contemplated herein.

   Unless otherwise provided by law or as otherwise provided by the "Deed of Trust" (hereafter defined), Maker and any and all co-makers, endorsers, guarantors and sureties severally waive notice (including, but not limited to, notice of protest, notice of dishonor and notice of intent to accelerate and notice of acceleration), demand, presentment for payment, protest and the filing of suit for the purpose of fixing liability and consent that the time of payment hereof may be extended and re-extended from time to time without notice to them or any of them, and each agrees that his, her or its liability on or with respect to this note shall not be affected by any release of or change in any security at any time existing or by any failure to perfect or to maintain perfection of any lien on or security interest in any such security.

Promissory Note(726784_1) (2)

Maker warrants and represents to Payee, and to all other owners and holders of any indebtedness evidenced hereby, that the loan evidenced by this Note is and shall be solely for business, commercial or agricultural purposes and not primarily for personal, family or household use. Maker acknowledges that the loan evidenced by this Note is specifically exempted under Section 226.3(a) of Regulation Z issued by the Board of Governors of the Federal Reserve System and under the Truth-in-Lending Act and that no disclosures are required to be given under such regulations and federal laws in connection with this Note.

It is agreed that time is of the essence of this agreement, and that in the event of default in the payment of any installment of principal or interest when due the holder hereof may declare the unpaid principal balance plus all accrued but unpaid interest due thereon immediately due and payable without notice, and failure to exercise said option shall not constitute a waiver on the part of the holder of the right to exercise the same at any other time.

In the event of default in the making of any payment herein provided, either of principal or interest, or in the event the entirety of the indebtedness evidenced hereby is declared due, interest shall accrue at the maximum rate allowed by law.

All agreements between Maker and Payee, whether now existing or hereafter arising and whether written or oral, are hereby expressly limited so that in no event, whether by reason of acceleration of maturity hereof or otherwise, shall the amount paid or agreed to be paid to Payee for the use, forbearance or detention of the money to be loaned hereunder or otherwise, exceed the maximum amount permissible under applicable law. If fulfillment of any provision hereof or of any mortgage, loan agreement, or other document evidencing or securing the indebtedness evidenced hereby, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity; and if Payee shall ever receive anything of value deemed interest under applicable law which would exceed interest at the highest lawful rate, an amount equal to any excessive interest shall be applied to the reduction of the principal amount owing hereunder and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Maker. All sums paid or agreed to be paid to Payee for the use, forbearance, or detention of the indebtedness of Maker to Payee shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full term of such indebtedness until payment in full so that the rate of interest on account of such indebtedness is uniform throughout the term thereof. The provisions of this paragraph shall control all agreements between Maker and Payee.

Payment of this note is secured by a second lien Deed of Trust ("Deed of Trust") of even date herewith from Maker to John R. Hawkins, Trustee for the benefit of Payee covering certain property located in Harris County, Texas, as more particularly described therein.

This note has been executed and delivered in and shall be construed in accordance with and governed by the laws of the State of Texas and of the United States of America, except that Chapter 346 of the Texas Finance Code, as amended (which regulates certain revolving credit loan accounts and revolving tri-party accounts), shall not apply hereto.

For purposes of any suit relating to this note, Maker hereof submits itself to the jurisdiction of any court sitting in the State of Texas and further agrees that venue in any suit arising out of this note or any venue shall be fixed in Harris County, Texas. Final judgment in any suit shall be conclusive and may be enforced in any jurisdiction within or without the United States of America, by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of such liability.

$1,200,000.00 of the principal of this note represents funds which Payee will advance to Maker as of even date herewith; and the balance, $300,000.00, will be advanced by Payee to Maker on or before May 15, 2008, each such increment so advanced shall constitute a part of the principal hereof and shall bear interest from the respective date of the advance thereof.

TEXAS REIT LLC, a Texas limited liability company

By: _____
Name: Ali Choudhri
Title: _____Manager_____

*Signed before me this 2nd day of May 2008*

*Linda Shipp*

LINDA SHIPP
Notary Public, State of Texas
My Commission Expires
August 14, 2011

Promissory Note(726784_1) (2)